## NEW YORK PLATE GLASS INS. CO. v. MARTINES.

No. 3359.   Decided November 26, 1919.   (184 Pac. 819.)

1.   MASTER AND SERVANT—EVIDENCE SHOWING INJURY TO THIRD PERSON BY SERVANT'S NEGLIGENCE IN HIS EMPLOYMENT.   In an action by a plate glass insurer to recover from a garage keeper damages to the front of a hotel caused by backing an auto bus from the garage into it, evidence *held* to sustain finding that defendant, "by his servants and employés acting within the scope of employment, committed the injuries complained of. (Page 296.)

2.   MASTER AND SERVANT—OWNERSHIP OF AUTOMOBILE DOES NOT ESTABLISH LIABILITY.   The mere fact of ownership of an automobile will not establish liability of the owner for injuries resulting from negligent operation by one to whom the owner has lent the car, something more than ownership being required to establish agency or the relation of master and servant between the owner and a borrower or negligent operator.[1]   (Page 297.)

3.   APPEAL AND ERROR—HARMLESS ERROR IN EXCLUSION OF DOCUMENTARY EVIDENCE OTHERWISE DEVELOPED.   In a plate glass insurer's action against a garage keeper for damages through the negligence of the keeper's employé in backing an auto bus into

---

[1] *McFarlane* v. *Winters*, 47 Utah, 598, 155 Pac. 437, L. R. A. 1916D, 618.

a hotel front, exclusion from evidence of a book of accounts between defendant garage keeper and a third person, who drove the bus on a percentage basis, *held* harmless to defendant, who testified at great length and without contradiction as to his business and settlements with the bus operator.  (Page 297.)

Appeal from District Court of Sevier County, Sixth District; *H. N. Hayes,* Judge.

Action by the New York Plate Glass Insurance Company, a corporation, against F. G. Martines.

Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Bean & Hunt,* of Richfield, for appellant.

*E. E. Hoffman* and *J. H. Erickson,* both of Richfield, for respondent.

CORFMAN, C. J.

This was an action brought by plaintiff to recover damages by reason of the negligent operation of an automobile.

It is in substance alleged in the complaint that, at the time of the negligence complained of, defendant was engaged in the business of buying and selling, repairing and storing, operating and hiring out, automobiles, and running a garage and automobile livery at Richfield, Utah; that while engaged in the business aforesaid defendant's agents and employés negligently and carelessly backed an auto bus from defendant's garage, across a street, and against a hotel building owned by one Mrs. Diana C. Johnston and insured by the plaintiff, thereby breaking the plate glass front and damaging the said building to the amount sued for in the action.  It is further alleged that the plaintiff's claim for damages against the defendant was paid by it, as insurer, to the said Diana C.

Johnston, and her right of action against the defendant is duly assigned to the plaintiff.

The answer admits that during the times stated in the complaint defendant was engaged in maintaining a garage at Richfield, Utah, and engaged in buying, selling, storing, and repairing automobiles, and denies generally the other allegations of the complaint.

The trial was to the court without a jury. Judgment was rendered in plaintiff's favor as prayed for in its complaint. Motion for a new trial was made and denied. Defendant appeals.

The errors complained of on appeal go to the admission of certain testimony over defendant's objection, denial of motion for a nonsuit, the insufficiency of the testimony to support the trial court's findings, and the denial of defendant's motion for a new trial.

The facts disclosed by the testimony show that the defendant was, on the date of the accident, May 3, 1917, the owner of an auto bus and hack. There is testimony tending to show that the bus was being operated under a verbal lease from the defendant by one Joseph Ireland, who collected the fares from the traveling public and paid to the defendant fifteen per centum of the net proceeds thus realized in the operation of the bus, under the name of Richfield Auto Service. When not in use upon the roads, the bus was kept without charge at the garage of the defendant. On the evening of the day in question, the garage was left in the sole charge of one Kenneth Hood, an employé of the defendant. Ireland had been engaged to take a party from the Johnston Hotel, just across the street from the garage, to Monroe Hot Springs, and had arranged with Hood to drive the bus over to the hotel while he (Ireland) was preparing for the intended trip. Hood negligently backed the bus from the defendant's garage across the street, over the curbing and into the hotel, thereby causing the damages complained of to the hotel building. The hotel building was at the time insured against accident by the plaintiff, and, under the terms of the policy and an assignment made, the plaintiff was subrogated

to the rights of the owner of the hotel in the action brought for damages against the defendant.

The defendant testified that the duties of his employé, Hood, were those of a night watchman, to let cars in the garage for storage, direct their storage, move cars when necessary to do so, collect storage fees, and that he had the general care and management of the garage business from 7 o'clock in the evening until 8 o'clock in the morning. The testimony of the defendant further tends to show that Hood was inexperienced in the operation of motor cars on their own power, and that the defendant had instructed Hood that his duties were to be confined to doing the work within the garage and that he should not attempt to move the cars left there or about the building except by hand.

William Johnston, a witness for the plaintiff, testified that he was at the time of the accident the proprietor of the hotel, and that he and his wife, the owner, were at the time engaged in running it; that both before and after the accident the defendant had, in conversations with him, admitted that Hood and Ireland were in his employ, and that he had seen them both working in and about the defendant's garage; that after the accident the defendant had acknowledged to the witness that they were working for him and that he would hold out their wages to pay to the hotel the damages occasioned by the accident; that subsequently the defendant advised him that Hood and Ireland had quit working for him and that he was in nowise responsible for the damages. The defendant denied that Ireland was in his employ at the time of the accident, or that he had admitted to the witness Johnston that Ireland was working for him at the time. He further testified that Ireland was operating the bus under lease as before stated.

The trial court found:

"That on or about May 3, 1917, defendant, while engaged in the business of running the said garage, * * * and by his agents, employés, and servants, to wit, one Kenneth Hood, did carelessly, negligently, and wrongfully back the said auto bus into and upon the front of the said building," etc.

The defendant contends that under the testimony Hood was not acting within the scope of his employment with the de-

fendant, but solely as the agent and servant of Ireland, and that as a matter of law he should not be held to answer for the damages sued for by plaintiff. In support of this contention, counsel have cited us to *Sherwood* v. *Warner*, 27 App. D. C. 64, 4 L. R. A. (N. S.) 651, 7 Ann. Cas. 98. In that case the plaintiff was a mechanic in the employ of an elevator and machine company that had sent plaintiff with certain helpers to repair a damaged elevator (not in use) for the defendant. While working upon the elevator, the plaintiff's arm became caught between a wheel and the elevator ropes. The plaintiff, through his helpers, called the defendant's house janitor—who was not employed to repair, nor assisting in the repairing, nor engaged in operating, the elevator—to aid in extracting the plaintiff. The janitor responded to the request made by the plaintiff and lowered the elevator instead of raising it, thereby severely injuring the plaintiff, by reason of which he sought to recover damages against the defendant. It was held as matter of law that under the circumstances the janitor acted as the agent of the plaintiff, and not in the general course of his employment as the defendant's servant. The court, in passing upon the question there involved, enunciated the well-recognized doctrine that—

"To make a master liable for an injury caused by his servant's negligence, the servant must have done the act causing the injury in the service of the master, and in doing an act which the master is bound to perform or which is done by his direction."

While the doctrine as applied to the facts in that case is based, as we believe, on sound legal principles, and supports the contention and theory of the defendant here, it must be kept in mind that there is testimony in the record before us tending to show that the defendant admitted after the accident, as well as before, that both Hood and Ireland were working for him at the time of the accident. These admissions on the part of the defendant, as testified to by the witness Johnston, when taken in connection with the further facts, admittedly true, that when the accident occurred Hood was in the general employ of the defendant, having sole charge of defendant's garage where auto cars were being constantly stored and handled, that Ireland who was driving the

auto bus in question kept and cared for it, when not running, at defendant's garage and made his headquarters there, affords some substantial testimony, at least, on which to base the finding of the trial court that ''the defendant by his servants and employés'' committed the injuries to property, as complained of by plaintiff.

While it is true, as was held by this court in *McFarlane* v. *Winters*, 47 Utah, 598, 155 Pac. 437, L. R. A. 1916D, 618, the mere fact of ownership of an automobile will not establish a liability of the owner for injuries resultant 2 from the misuse or negligent operation by one to whom the owner has loaned it, and something more than ownership is required to establish agency or the relation of master and servant between the owner and the borrower, or the negligent operator, yet, in view of the testimony here as to the admissions of the defendant, and the facts and circumstances disclosed by the record, we are not prepared to say that the trial court's finding as to defendant's liability was not a proper one.

In support of defendant's theory that the auto bus in question, while owned by the defendant, was being operated under a lease from the defendant to Ireland at the time of the accident and that the defendant had no control over it, defendant offered to introduce in evidence, over the objection of the plaintiff, a book purporting to be the accounts kept by Ireland while he was driving the auto bus, and to further show that settlements were made between Ireland and the defendant for the use of the bus upon a percentage basis, and also to show that Ireland was not in defendant's employ at the time of the accident. The trial court's refusal to admit the book is assigned as error.

The authenticity of the book was not attempted to be shown, except the defendant testified that he was acquainted with, and that the entries were in, the handwriting of 3 the garage bookkeeper. Moreover, the defendant was permitted to testify at great length, and without contradiction, as to how he had transacted business and made his settlements with Ireland. The record stands uncontradicted that Ireland was operating the bus on a percentage basis and

that settlements were made in accordance with the book kept by the garage bookkeeper. From any viewpoint we cannot perceive how the exclusion of the exhibit offered was prejudicial to the defendant.

As we view the record, the findings of the trial court, as pointed out, are sustained by the evidence, and we find no prejudicial error assigned that would warrant us in reversing the judgment. It is therefore ordered that the judgment of the district court be affirmed. Costs to the respondent.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.