315 P.2d 854

Ida M. JOHNSON, Adm'x of the Estate of C. Tennyson Johnson, Deceased, Plaintiff and Respondent,

v.

Arthur HARDMAN, d/b/a Hardman Auto Sales, Defendant and Appellant, Barrus Motor Company, Defendant.

No. 8647.

Supreme Court of Utah.

Sept. 27, 1957.

Hanson, Baldwin & Allen, Salt Lake City, for appellant.

Brigham E. Roberts and Leonard Elton, Salt Lake City, for respondent.

CROCKETT, Justice.

This case arises out of the same automobile-truck collision as the recently decided case of Anderson v. Hardman, 6 Utah 2d 305, 313 P.2d 459, to which we refer for the background facts. Plaintiff here is the administratrix of another passenger who occupied a similar position to plaintiff Anderson in the other case. From a verdict in favor of the plaintiff, defendant Hardman appeals.

The contention that the evidence does not support a finding that the truck driver, Nathan Child, was the agent or servant of Hardman was adequately dealt with in our former opinion just referred to, our conclusion being that the evidence was sufficient to present a question of fact for determination by the jury. The only remaining matter of concern is the attack upon the instructions given in the instant case.

The instructions in regard to ownership of the truck about which the defendant complains find support in the provisions of our sales act.[1] The jury was correctly advised that ownership passes at the time the parties to the contract intend it to

1. 60-2-1 et seq., U.C.A.1953.

be transferred[2] and likewise, that unless a different intention appears, ownership passes to the buyer when the contract of purchase is completely agreed upon by the parties.[3] The matter of ownership of the vehicle was a point of great concern to the parties on the trial and in their briefs on appeal. It should be noted that such fact is not the determinative factor in fixing responsibility for its operation, even though it is undoubtedly important to consider along with other matters in making such determination.

The substance of the instructions was that if the jury found: (1) That the ownership of the vehicle had not passed from Hardman to Child, and (2) That Hardman requested Child to drive the truck back to Hardman's place of business at Sunset, " * * * where the contract would be finally determined, then * * * Hardman would be responsible * * *." The jury having so regarded the evidence, as indicated by their verdict for the plaintiff, the requisite relationship to impose liability upon Hardman was made out.[4]

It may well be that the jury could have found the other way on the above questions; but the fact is that they did not. Since the verdict, and the facts upon which it must depend, are supported by substan-

tial evidence, the judgment will not be disturbed.

Affirmed. Costs to respondents (plaintiffs).

McDONOUGH, C. J., and WADE and WORTHEN, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent, and re-affirm what I said in Anderson v. Hardman, referred to in the main opinion, with some further observations.

In Anderson v. Hardman it was said that "The facts concerning the relation between Hardman and Child *are uncontroverted.* The question is *what conclusion of law* must be drawn from the evidence." It is conceded that the facts here are the same as in the Anderson case. It is suggested that the facts, being uncontradicted, never should have been submitted to the jury in either the Anderson case or this case, since there was no fact issue. As was said in 2 Am.Jur. 359, Agency, Sec. 454:

"It is a fundamental principle of our system of jury trial practice that all questions of law must be decided by the court, and all questions of fact, and those depending upon disputed testimo-

---

2. 60–2–2, U.C.A.1953.

3. 60–2–3, U.C.A.1953.

4. Anderson v. Hardman, 6 Utah 2d 305, 313 P.2d 459; Fox v. Lavender, 89 Utah

115, 56 P.2d 1049, 109 A.L.R. 105; New York Plate Glass Ins. Co. v. Martiues, 55 Utah 292, 184 Pac. 819; Restatement of Agency, § 219; 5 Am.Jur., Automobiles § 373.

ny, by the jury. When facts relied upon to establish the existence of an agency are undisputed, and conflicting inferences cannot be drawn therefrom, the question of the existence of the agency is one of law and should be determined by the court."

In submitting the matter of agency to the jury, the court either overlooked the rule or overruled it by implication. In either event, it was error, and should be rectified.

In the instant case it is stated that "the contention that the evidence does not support a finding that * * * Child, was the agent or servant of Hardman was adequately dealt with in our former opinion * * * our conclusion being that the evidence was sufficient to present a question of fact for determination by the jury." This seems to be an unfounded gratuity. It simply volunteers that agency was a jury question while conceding, by admitting that the facts were uncontroverted, that there was no jury question, but only one of law for the court.

The main opinion admits that ownership is only one factor in determining an agency. It then drops the subject, and doesn't tell us what other factors are in this case, coupled with ownership, that make for any agency. The opinion completely avoids the matter of control as a factor. This has been considered quite an important factor in agency circles. In doing so it also avoids our own decision in

Fox v. Lavender, 89 Utah 115, 56 P.2d 1049, 109 A.L.R. 105. I believe the bench and bar are entitled to a clear outline in the instant case of the precise factors that bring it within the four corners of an agency. None is given in the Anderson case and none here.

The main opinion is further vulnerable in that it approves of an instruction to the effect that liability on an agency theory is established by 1) showing mere ownership of a vehicle in a car dealer, plus 2) a request by him that the car be driven to his place of business by a prospective buyer. What would happen under such an instruction where a car dealer sold a vehicle under a conditional sales contract, requesting the buyer to return it periodically for a check-up? What would happen under such an instruction where a prospective buyer was test-driving a car and was requested by the dealer to return it? It appears to me that taking the statement of facts set forth in Anderson v. Hardman, nothing more can be squeezed out of the case than a conclusion that there was but the ordinary, usual dealer-customer relationship here and the authorities in 31 A.L.R.2d 1445 holding that in such event an agency is not created, should control.

It seems inescapable that under the facts of this case, Child either 1) was a prospective buyer, or 2) the owner of the vehicle. If a prospective buyer, he was not an agent under the authorities mentioned, and if he

were the owner, there is no question of agency at all. Anderson v. Hardman and the instant case virtually called him a prospective buyer in one breath and at least an equitable owner in the next, only to make him an agent somewhere in between by what I sincerely believe was voluntary conclusions unpredicated factually.